Duffy v. Wallace

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand eighteen.

PRESENT:
BARRINGTON D. PARKER,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

---

**Daniel Duffy, Jr.,**

*Plaintiff-Appellant*,

v.                                                                          17-2266

**Jack Wallace, Parole Officer II, Individual Capacity, Official Capacity, Stephen Noto, Parole Manager, Individual Capacity, Official Capacity, Beverly Smith, Licensed Clinical Social Worker, Individual Capacity, Official Capacity,**

*Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:                          Daniel Duffy, Jr., *pro se*,
                                                 Suffield, CT.


FOR AMICUS-CURIAE:                                Terrence M. O'Neill,
                                                 Assistant Attorney General,
                                                 *for* George Jepsen, Attorney
                                                 General for the State of
                                                 Connecticut, Hartford, CT.


Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Daniel Duffy, proceeding *pro se*, appeals the district court's judgment *sua sponte* dismissing his 42 U.S.C. § 1983 action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews dismissals pursuant to 28 U.S.C. § 1915A *de novo*. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). "We may affirm on any ground supported by the record[.]" *Algarin v. Town of Wallkill*, 421 F.3d 137, 139 (2d Cir. 2005).

Here, an independent review of the record and relevant case law reveals that the defendants, all of them State officers, are entitled to qualified immunity. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was clearly

established; and (3) even if the right was clearly established, whether it was objectively reasonable for the [officials] to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (internal quotation marks omitted). Courts have discretion to decide the order in which they consider whether the officers violated a federal right, and whether the right was clearly established. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (*per curiam*).

The Supreme Court has instructed that courts should not "'define clearly established law at a high level of generality,' since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). While this Court has ruled that the State owes a parolee some duty under the Eighth Amendment, *Jacobs v. Ramirez*, 400 F.3d 105 (2d Cir. 2005) (*per curiam*), this very general right has not been sufficiently particularized to the facts of this case so as to have become clearly established in the circumstances presented here, *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (*per curiam*). The State officers, therefore, could not have reasonably known that their conduct was unlawful. *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (*per curiam*) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.") (internal citation and quotation marks omitted)).

We have considered all of Duffy's arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3